## NATIONAL LIFE & ACCIDENT INS. CO. v. WYATT.

### No. 10155.

Court of Civil Appeals of Texas. Galveston.

Nov. 8, 1935.

Battaile & Burr, of Houston, for plaintiff in error.

Bailey P. Loftin, of Houston, for defendant in error.

GRAVES, Justice.

The Insurance Company's statement of what this case is, and as to the single question it presents upon this appeal thereof, is thus quoted in full:

"Plaintiff in error is an insurance company with its principal office in Nashville, Tennessee. On October 1, 1928, it issued a certain policy of life insurance to defendant in error, Phoebe Wyatt, and on March 2, 1931, issued a policy of accident and health insurance to the same insured. Each of the policies referred to contained provisions for weekly disability benefits in the event of disabling accidental injuries, which provision will be more particularly set forth hereafter. Defendant in error, the insured, continued payments of premium to date of the accident, which is alleged produced a disability within the terms and purview of the policy, entitling her to the benefits provided thereby. Some benefits were paid, and, upon refusal to continue their payment, this suit ensued. The requisite jurisdictional facts exist.

"Suit was instituted in the County Court at Law of Harris County, Texas, for benefits totalling Two Hundred and Sixty ($260.00) Dollars, a penalty of twelve (12%) percent thereon, and a reasonable attorney's fee.

"The case was tried before a jury, and a verdict returned which entitled the plaintiff, on the issues submitted and answered, to a judgment. Judgment was duly entered for the plaintiff in the amount of Two Hundred and Forty ($240.00) Dollars and penalties amounting to One Hundred Twenty-Eight ($128.80) and 80/100 Dollars. Timely motions for a new trial were filed, overruled, and exceptions taken thereto. Writ of error petition and bond were duly filed, waiver of citation in error executed by defendant in error, and this record duly and timely filed with this Honorable Court.

"The only error which the insurance company (hereinafter referred to as the defendant) presents to this Court for its consideration involves the question as to the sufficiency of the evidence adduced by the insured (hereinafter referred to as the plaintiff) to bring her case within the terms of the policy contracts.

"As to the benefits sought in this action by the insured, the provisions of both contracts

are substantially the same. Omitting clauses immaterial to this appeal the contracts provide:

" 'Benefits will be paid for each day that the insured is * * * by reason of accidental injury of which there is external evidence, disabled from performing work of any nature.'

"Stating the question presented for review succinctly: Has the defendant in error, Phoebe Wyatt, established that disability which, under the policy contracts, entitles her to the weekly benefits? Plaintiff in error says that she has not; that on the contrary the evidence discloses the fact that she is not so disabled. The trial court, after overruling the motion of the insurance company for a peremptory instruction, submitted the issue to the jury as to plaintiff's disability in the language of the policy contracts, and also inquired as to the duration of such disability. The jury answered that such disability existed, and had so existed for a period of a year. In its motion for a new trial, plaintiff in error complained of the answer to the jury to such issue, on the ground that it was against the great weight and preponderance of the evidence. The same point was also raised on the error assigned to the overruling of the defendant's motion for peremptory instruction.

"The plaintiff in error submits the following proposition of law which it contends is sound, and under which proposition it was entitled to a verdict in the trial court:

"An insured who received an injury skinning the knuckles of two fingers on the right hand resulting in stiffness in the distal joints, and a partial stiffness in the second joints thereof, and who is not shown to have been otherwise disabled, is not entitled to disability benefits under policies of insurance which provide such benefits only in the event of a disablement from performing work of any nature."

The opposing brief concedes that the statement as to the nature and result of the cause below and of the only question raised on the appeal is correct.

In presenting the question its brief raises, the company proceeds to assume, first, that the occupation of the insured was that of an ordinary housewife with all the manifold duties that relation entails; and, second, that this action was on a parity with numerous cases it cites dealing with permanent injuries after the acute stage or temporary disablement had passed; both of these assumptions are erroneous, the first in that the record undisputedly shows that the policies sued on were issued to the insured as a single woman, that she brought her suit for the benefits thereunder under specific averments that, while she had a living husband, he had deserted her more than seven years before this trial, having continued to live somewhere in California and refused to join her in this suit, and that after his desertion of her she had followed the occupation of a washerwoman for a living, in which she was engaged at the time of this accident; the second one, in that this action was one merely for the weekly benefits described in the policies for the limited time during which the woman was totally disabled to perform any kind of work, not to exceed the limit of twenty-six weeks expressly specified in the policies.

Furthermore, since the insurance company presented no evidence from its side at all, that presented by the insured was wholly undisputed, and certainly was not so devoid of probative force in her behalf as entitled the insurance company to a peremptory instruction in its favor, which is all it contends it was entitled to; and the judgement only gave the insured a recovery for twenty-six weeks, whereas the testimony both of herself and of her physician, Dr. Briscoe, was to the positive effect that she had been disabled from this injury for at least one year, and she herself added that she neither had been able to nor had actually done any work for more than that length of time; indeed, Dr. Briscoe in effect testified on this trial, using a written report about her case that had been made on his examination and treatment of her soon after the injury as a memorandum, that she had been and was still so disabled, demonstrating his testimony from the use of the woman's hand at the time for the benefit of the court and jury; in so doing, he said, among other things, this: "As you see here, she has a tenderness and stiffness there. You can see how smooth it is. You can see where she constantly uses the fingers all the time, and this shows evidence of movement; she also has a slight enlargement of these joints right there, this one and this one, (indicating) the ankylosis, that means stiffness of the joints as you see. * * * She is totally disabled to the extent of that hand; she is totally disabled as a washwoman as far as that hand is concerned, in other words, not able to make a livelihood with that hand."

In this state of the record, it is deemed unnecessary to further detail, or even to recapitulate the testimony, of which there was much of the same general purport. It is enough to say that, with nothing contra presented, it was amply sufficient to sustain the verdict and the judgment. An affirmance will accordingly be entered.

Affirmed.